Roy Lee **FAIRLEY, Plaintiff– Appellant,**

v.

Adrian **KEYS, Correctional Officer, Mississippi Department of Corrections K–9; Terry Johnson, Correctional Officer, Mississippi Department of Corrections K–9; Doug Smith, Correctional Officer, Mississippi Department of Corrections K–9; Michael McLendon, Defendants–Appellees.**

No. 06–60785
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

April 17, 2007.

Roy Lee Fairley, Parchman, MS, pro se.

---

John Lewis Clay, Office of the Attorney General for the State of Mississippi, Jackson, MS, Leonard Charlton Vincent, Parchman, MS, for Defendants–Appellees.

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM: *

Roy Lee Fairley, Mississippi prisoner # 22518, applies for leave to proceed in forma pauperis (IFP) to appeal the judgment for one defendant following a jury trial and judgment as a matter of law for the remaining defendants in Fairley's 42 U.S.C. § 1983 action. The district court certified that Fairley's appeal was not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3). Fairley also moves for appointment of counsel; his motion is denied.

Fairley lists possible issues for appeal, but he makes no effort to discuss the facts of his case or how any of the law he cites applies to those facts. He has failed to brief any issues for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987). His appeal is without arguable merit and is frivolous, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983), and we deny IFP and dismiss the appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 n. 24 (5th Cir. 1997); 5TH CIR. R. 42.2.

This court's dismissal of Fairley's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir.1996). Fairley previously had an action dismissed in the district court for failure to state a claim. *See Fairley v. Keaton*, No. 4:03–CV–00271–WAP (N.D.Miss. Mar. 26, 2004). Fairley is warned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.